IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| JACOB DOE,<br><br> Plaintiff,<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, *et al.*,<br><br> Defendants. | Civil Action No. 7:19-cv-00249<br>Judge Elizabeth K. Dillon |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' RULE 10(A)
MOTION TO DISMISS**

  Plaintiff is legally entitled to proceed under a pseudonym in this action. This matter arises from a false accusation of domestic violence that was brought against Plaintiff Jacob Doe ("Doe") by a fellow Virginia Polytechnic Institute and State University ("Virginia Tech") student, Doe's ex-girlfriend Jenna Roe ("Roe"), which resulted in an erroneous finding of responsibility and a sanction of suspension imposed on Doe. For the reasons discussed in Plaintiff's Motion for Leave to Proceed Under a Pseudonym, filed herewith, Plaintiff should be entitled to proceed under the pseudonym "Jacob Doe" in this matter. Moreover, because Rule 10(a) does not provide a basis for a motion to dismiss, Defendants' motion should be considered (if at all) pursuant to Rule 12(b) and denied. Defendants should then, in turn, be required to answer Doe's complaint.

1

## Standard of Review and Procedural Posture

Defendants styled their motion as a "Motion to Dismiss Pursuant to Rule 10(a)." Dkt. 14. However, Federal Rule of Civil Procedure 10(a) does not provide a mechanism for a motion to dismiss; it merely sets out the form requirements for a complaint.[1] Instead, motions to dismiss are governed by Fed. R. Civ. P. 12(b), which provides the procedural standard and allows parties to assert certain defenses by motion. Procedurally, the motion should either be denied because it fails to properly state the ground upon which it is based, as required by Fed. R. Civ. P. 7(b), or considered as a motion to dismiss under the familiar standard of Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Counsel for Defendants also attempt to limit their appearance in this matter as a special appearance, Dkt. 14, perhaps so as to allow Defendants to file a second motion to dismiss. Since the advent of Rule 12(b), however, the distinction between special and general appearances have been abolished. *Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (1967). Motions to dismiss are not brought seriatim; the Rules generally require that they be brought all at once. Fed. R. Civ. P. 12(g). Doe

---

[1] Defendants rely upon the 45-year old Eastern District of Virginia case, *Doe v. Boyle*, to support their position that a motion to dismiss can be brought per Rule 10. *Doe v. Boyle*, 60 F.R.D. 507 (E.D. Va. 1973). That case, which was essentially a preemptive motion to suppress, was not decided under Rule 10. *Id.* Instead, the court based its decision on the merits of the complaint. *Id.* The Fourth Circuit affirmed the district court because subject matter jurisdiction had not been properly pled. *Doe v. Boyle*, 494 F.2d 1279 (4th Cir. 1974). That court also held that leave to amend should not be granted, because it is improper to bring what amounted to a preemptive motion to suppress as a civil action. *Id.* Neither the district court nor the circuit court went so far as to hold that a motion to dismiss could be brought under Rule 10.

should not have to resist multiple waves of pre-answer motions. Accordingly, the motion should be denied, and Defendants should be ordered to answer.

### Argument

A plaintiff may be permitted to proceed under a pseudonym upon the Court's analysis of the following factors: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).[2]

Doe should be allowed to proceed anonymously because the case involves an alleged instance of domestic violence, which is an extremely sensitive and private matter for Doe and Roe. Both are young college age students, whose future lives and careers should not be defined by this case. The Virginia Tech Defendants' rights will not be infringed upon by allowing Doe to proceed anonymously because they are aware of Doe's identity. Furthermore, Plaintiff incorporates the arguments raised in his Motion to Proceed under Pseudonym, by reference.

Defendants' Rule 10(a) Motion to Dismiss should be denied and Defendants should be ordered to file an answer.[3] Should the motion be granted, Doe seeks leave

---

[2] Doe explains this point at length in his Motion to Proceed under a Pseudonym, filed simultaneously with this Motion.
[3] In two similar cases, this court denied Defendants' Rule 10(a) Motion to Dismiss and allowed the Plaintiff to proceed under a pseudonym. *Doe v. Virginia Polytechnic*

3

to amend, which should be "freely [given] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-cv-00016, 2018 WL 1594805, at *4 (W.D. Va. Apr. 2, 2018) (allowing plaintiff to proceed if he files an amended complaint using his actual name); *CTH 1 Caregiver v. Owens*, 2012 U.S. Dist. LEXIS 90998, at *11 (S.D.N.C. July 2, 2012) (granting plaintiff's request to file an amended complaint).

DATED: June 26, 2019

                                        Respectfully submitted,

By:   /s/ Jesse R. Binnall
       Harvey & Binnall, PLLC
       Jesse R. Binnall
       717 King Street, Suite 300
       Alexandria, Virginia 22314
       Telephone: (703) 888-1943
       Facsimile: (703) 888-1930
       Email: jbinnall@harveybinnall.com

       Nesenoff & Miltenberg LLP
       Andrew T. Miltenberg
       Tara J. Davis
       363 Seventh Avenue, 5th Floor
       New York, NY 10001-3904
       Telephone: (212) 736-4500
       Facsimile: (212) 736-2260
       Email:  amiltenberg@nmllplaw.com
                 tdavis@nmllplaw.com
       *Admitted Pro hac vice*

---

*Inst. & State Univ.,* No. 7:18-cv-320, 2018 WL 5929645, at *4 (W.D. Va. Nov. 13, 2018) (finding that the "privacy interest outweighs the presumption of openness in judicial proceedings"); *Doe v. Virginia Polytechnic Inst. & State Univ.,* No. 7:18-cv-170, 2018 WL 5929647, at *4 (W.D. Va. Nov. 13, 2018) (highlighting that the particulars weigh in favor of anonymity).

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Tara J. Davis
Nesenoff & Miltenberg LLP
Andrew T. Miltenberg
Tara J. Davis
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
Telephone: (212) 736-4500
Facsimile: (212) 736-2260
Email:  amiltenberg@nmllplaw.com
          tdavis@nmllplaw.com
*Admitted Pro hac vice*