IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JACOB DOE,** ) |  |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:19cv249 |
| ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** ) | |
| **AND STATE UNIVERSITY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

Defendant, Virginia Polytechnic Institute and State University ("Virginia Tech"), by counsel, submits this Reply Memorandum in support of its previously filed Motion for Protective Order.

In a case involving similar claims, the United States District Court for the Eastern District of Tennessee delineated "what is and what is not before the court" in a Title IX erroneous outcome claim:

> This is not a lawsuit between the Complainant and the Plaintiff[ ]. This Court is not asked to make an independent determination as to what happened between the Plaintiff . . . and the Complainant . . . . The Court therefore expresses no opinion as to whether a sexual assault occurred, whether any such acts were consensual, or who, as between John Doe and the Complainant is credible. In short, the instant lawsuit does not call for a judicial determination either in favor or against John Doe's claims or in favor or against the Complainant, regarding the merits of her claims.

Doe v. Univ. of the South, 687 F. Supp. 2d 744, 755 (E.D. Tenn. 2009).

In his opposition brief, Jacob Doe argues that "[t]o constrain the parties to the disciplinary tribunal[']s record, even in discovery, would serve to only further deprive Doe of the fair process to which he is entitled in having an impartial adjudication of the



- 1 -

complaint against him." That statement confirms that Doe misunderstands the purpose of this proceeding. Doe's cause of action in this Court is not to determine whether he was innocent or not of the complaint against him. This action is intended to determine whether Virginia Tech discriminated against him based on his sex during the university's student conduct process (it did not).

## ARGUMENT & AUTHORITY

Rule 26 is clear. The scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense ***and proportional to the needs of the case*** . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). That language necessitates a case-by-case analysis of what the appropriate scope of discovery should be.

### I. Virginia Tech Met Its Burden for the Protective Order.

Virginia Tech ably demonstrated that the information Doe seeks is marginally relevant, duplicative, cumulative, and disproportionate to the needs of the case. Doe incorrectly contends that a showing of marginal relevance of the information sought is insufficient in and of itself to warrant entry of a protective order. See ECF No. 54, at *4–5. Doe's own cited authority recognizes that "a protective order may issue under Rule 26(c) if the resisting party shows that the information sought 'is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.'" Bonumose Biochem v. Zhang, No. 3:17cv33, 2018 U.S. Dist. LEXIS 231074, at *6 (W.D. Va. Sept. 10, 2018) (quoting Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 (W.D. Va. 2016)). Here, the information Doe intends to discover is clearly of marginal relevance as established by applicable law.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0344\
4852-7337-3631 .v1

- 2 -

In any event, Doe is wrong that Virginia Tech did not make a sufficient showing beyond the fact that the information he seeks is marginally relevant so as to warrant a protective order. Virginia Tech noted that much of the testimony from student witnesses and hearing officers would be duplicative and cumulative of the administrative record and the transcript of the student conduct hearing. Moreover, while Doe is correct that a subpoena may be served at any place within the United States, Doe misses the point. As evidenced by initial disclosures in two related cases, it is likely that a large number of witnesses may not be located within this judicial district, which will increase costs for counsel to travel for depositions. See ECF No. 53-1, at *5–7 (multiple witnesses in New Jersey and Georgia); ECF No. 53-2, at *6 (witness in Colorado); Fed. R. Civ. P. 45(c)(1)(A) (a subpoena may command a witness to travel no more than 100 miles from his place of residence or employment). Cost, of course, is a factor impacting the proper scope of discovery.

## II. Doe Misapprehends the Purpose of this Proceeding.

At issue in this case is whether Virginia Tech discriminated against Doe on the basis of sex during its student conduct proceeding. A Title IX claim such as this is not meant to serve as an independent adjudication as to whether or not Doe committed the acts alleged by Roe.

Notably, Doe fails to rebut the litany of case law cited by Virginia Tech that the "articulable doubt" regarding the "accuracy of the outcome of the disciplinary proceeding" must exist "on the record before the disciplinary tribunal" or else Doe's erroneous outcome claim fails as a matter of law. Yusuf v. Vassar College, 35 F.3d 709, 715 (2d Cir. 1994). Furthermore, Doe is simply wrong that Virginia Tech failed to cite any authority



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 3 -

629.0344\
4852-7337-3631 .v1

limiting discovery to the administrative record, and his supplemental authority lends no help to his argument either.

It is not the Court's role to "retry disciplinary proceedings" as Doe asks it to do in this case. Yu v. Vassar Coll., 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015). And the Court must afford a level of deference to the evidentiary and credibility determinations of university administrators. Doe v. Wash. Univ., No. 4:19cv300, 2020 WL 353587, 2020 U.S. Dist. LEXIS 9525, at *51 (E.D. Mo. Jan. 21, 2020). Under that standard, Doe fails to articulate how evidence outside of the record can be relevant to the Court's inquiry as to the existence of an "articulable doubt" regarding the disciplinary proceeding's outcome. And he fails to explain why he cannot meet that burden by showing "evidentiary weaknesses behind the finding (including motives to lie on the part of Roe or the witnesses), the strength of his defense, procedural flaws, or other reasons to doubt the veracity of the charges." ECF No. 99, at *6. Again, this forum is not for purposes of making an independent determination as to what actually happened between Doe and Roe. Doe v. Univ. of the South, 687 F. Supp. 2d 755. And that limited scope of the proceeding drives the scope of discovery.

As Doe recognizes, his supplemental authority, Doe v. University of the Sciences, No. 19-2966, 2020 U.S. App. LEXIS 17123 (3d Cir. May 29, 2020), addresses a student's breach of contract claim under Pennsylvania law. As this Court previously recognized, no such claim exists under Virginia law nor does a contractual relationship exist between college and student giving rise to a protected property interest. Doe v. Va. Polytechnic Inst. & State Univ., No. 7:19cv249, 2020 U.S. Dist. LEXIS 47754, at *17 (W.D. Va. Mar. 19, 2020). In addition, the Third Circuit's assertion that "[t]he investigation and adjudication of alleged criminal activity like sexual assault is not uniquely within the province of



- 4 -

629.0344\
4852-7337-3631 .v1

colleges and universities" is lacking in substance. Colleges and universities investigate and adjudicate all manner of criminal activity in their student conduct proceedings such as underage drinking, possession and consumption of illegal substances, hazing, and theft to name but a few. Finally, the Third Circuit's citation to <u>Doe v. Baum</u> and <u>Doe v. Miami</u> refer not to the deference accorded to university administrators' determinations but merely the potential impact of an adverse finding in a student disciplinary proceeding. <u>Doe v. Baum</u>, 903 F.3d 575, 582 (6th Cir. 2018); <u>Doe v. Miami Univ.</u>, 882 F.3d 579, 600 (6th Cir. 2018).

Lastly, Doe's focus on discovery with respect to alleged gender bias is inapt because Virginia Tech's motion did not implicate that element of Doe's erroneous outcome claim.

## CONCLUSION

For the foregoing reasons, Virginia Tech respectfully requests entry of a protective order limiting the scope of discovery in this action so as to preclude discovery intended to elicit evidence regarding Doe's claim of actual innocence that does not already exist in the student conduct record and granting such further relief as the Court deems just and proper.

Respectfully Submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY

629.0344\
4852-7337-3631 .v1

/s/
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
           nschnetzler@faplawfirm.com


Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
M. Hudson McClanahan (VSB No.: 46363)
Stephen F. Capaldo (VSB No.: 74045)
Kristina J. Hartman (VSB No.: 92279)
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Email: heidbred@vt.edu
          hud3@vt.edu
          scapaldo@vt.edu
          kjhart06@vt.edu

*Counsel for Defendant*



- 6 -

629.0344\
4852-7337-3631 .v1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler



629.0344\
4852-7337-3631 .v1